**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **NAI MOBILE, LLC, a limited liability company,** | |
| **Plaintiff,** | |
| **v.** | **CASE NO: 1:21-cv-32-C** |
| **NEW AMERICA NETWORK, INC., a foreign corporation, d/b/a NAI Global,** | <u>**JURY TRIAL DEMANDED**</u> |
| **Defendant.** | |

<u>**AMENDED COMPLAINT**</u>

COMES NOW the Plaintiff, NAI MOBILE, LLC, by and through its undersigned counsel of record, and files this amended complaint against NEW AMERICA NETWORK, INC., concerning the following matters alleged herein, to wit:

<u>**PARTIES**</u>

1.     Plaintiff NAI MOBILE, LLC ("NAI MOBILE") is a limited liability company formed under the laws of the State of Alabama.

2.     Defendant NEW AMERICA NETWORK, INC. ("NANI"), is a corporation incorporated in the State of Delaware.

3.     NAI MOBILE and NANI entered into a contract entitled NAI Global Member Agreement ("the Agreement") on or about November 21, 2017. NANI wrongfully terminated the Agreement on January 15, 2021 as described herein.

<u>**JURISDICTION AND VENUE**</u>

4.     NAI MOBILE was formed under the laws of the State of Alabama and has its principal place of business located in Alabama.

5.     The members of NAI MOBILE are: John Peebles, Allen Cameron, Jay Roberds, David P. Dexter, Pete Riehm, and Tommy Gleason. Each of these individual members resides in and is a citizen of Alabama.

6.     Defendant NANI is a foreign corporation incorporated in the State of Delaware, and which has its principal place of business located in the State of New Jersey.

7.     The amount in controversy as asserted herein by NAI Mobile exceeds $75,000.00, exclusive of interest and costs.

8.     Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because the action is between citizens of different states and the amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

9.     Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the judicial district.

**FACTS**

10.     NANI is an international commercial real estate brokerage that purports to be the largest organization of independent commercial real estate brokers in the world, with more than 400 offices in North America, Latin America, Europe, Africa, and Asia Pacific and more than 7,000 local market professionals collectively managing more than 425 million square feet of property and completing more than $20 billion in commercial real estate transactions annually.

11.     NANI signed and entered into a binding contract with NAI Mobile labeled NAI Global Member Agreement ("the Agreement") on or about November 21, 2017, that, *inter alia*, grants NAI Mobile access to NANI's global broker network and license to use the NAI name and logo (i.e., "Service Marks") in exchange for fees.

12.     NAI Mobile's territory under the agreement is Mobile and Baldwin counties.

13.     The Agreement was in full force and effect at all times relevant to this action.

14.     NAI MOBILE complied at all times with its obligations under the Agreement through and up to January 15, 2021, when NANI wrongfully terminated the Agreement.

15.     Pete Riehm ("Riehm") is one of NAI Mobile's members.  He is also a politically active conservative radio commentator, a U.S. Navy veteran, and was a 2012 candidate for the U.S. House of Representatives representing Alabama's 1st Congressional District.

16.     On January 6, 2021, Riehm and approximately 28 other Alabama residents traveled by bus to Washington, D.C., in order to avail themselves of their Constitutional rights of free speech and assembly to protest the results of the recent presidential election and, they hoped, to meet with U.S. Rep. Jerry Carl, Mobile's recently elected Congressional representative.

17.     Riehm and other members of the Alabama tour group attended the planned January 6, 2021, rally in support of President Donald Trump on the Ellipse.  After the rally, Riehm and other members of the Alabama tour group walked toward the Capitol to meet with Rep. Carl. The meeting was canceled when the group was informed by phone that the Capitol had been locked down.  Riehm led the tour group back to their bus, and they departed for Mobile.

18.     Subsequent to the rally, Riehm was interviewed by local media about the group's experience in Washington, D.C.

19.     On or about January 13, 2021, counsel for NANI emailed a letter to Allan Cameron of NAI Mobile asserting that NAI Mobile had violated Article 6.05 of the Agreement, citing Riehm's attendance at the rally and his local-media interview as the basis for the alleged breach. NANI demanded that NAI Mobile immediately take the following actions to cure the alleged violation: "separate" from Riehm; notify NANI of the separation; draft a press release announcing

NAI Mobile's separation from Riehm and denouncing the violence that occurred at the Capitol; send the draft press release to NANI for approval; issue the press release; post the press release on NAI Mobile's website; and keep the press release posted on the website until further notice.  The letter stated that, if NAI Mobile was unwilling or unable to separate from Riehm, NANI would terminate the Agreement "effective immediately."

20.     On or about January 15, 2021, before NAI Mobile had any legitimate opportunity to determine how to respond or comply with NANI's demand to cure, counsel for NANI emailed a "Notice of Termination of NAI Mobile Membership Agreement" to NAI Mobile and their counsel, immediately terminating the Agreement, stating that it was incapable of cure.

21.     Without further notice, NANI suspended NAI Mobile's website and locked NAI Mobile out of its email.

22.     Article 6.05 of the Agreement requires NAI Mobile to "use the Service Marks [i.e., logo] and operate its brokerage business in conjunction with such use of the Service Marks so as to preserve, maintain and enhance the Service Marks and the reputation and goodwill established by NAI and the Network."  It prohibits NAI Mobile from taking actions "in connection with or under the Service Marks" that damage or reflect adversely on NAI.

23.     Article 6.06 of the Agreement states that, if NAI Mobile has violated the Agreement "in respect to any of the Service Marks," NANI may provide written notice of such violation, and NAI Mobile will have seven (7) calendar days to cure the violation.  If NAI Mobile fails to cure within seven days, NANI may terminate NAI Mobile's license to use the Service Marks upon NAI Mobile's receipt of written notice.  The provision also provides that NANI may terminate NAI Mobile's rights under Article 6 effective immediately where a violation is incapable of cure.

24.     Riehm did not use NAI's Service Marks or take any action in connection with the Service Marks when he exercised his First Amendment rights, nor did he identify himself as affiliated with NANI or NAI Mobile during his attendance at the rally in Washington, D.C., or in the local-media interview cited by NANI.  He did not attend the rally as a member of NAI Mobile, but as a private citizen.  Riehm's expression, in his personal time, of his conservative political views is wholly unrelated to NAI Mobile or NAI Mobile's use of the NAI Service Marks.  Riehm's actions are not implicated by Article 6 of the Agreement.

25.     In addition to improperly invoking Article 6, NANI demanded NAI Mobile cure its alleged violation and then failed to allow seven days for NAI Mobile to do so, as required by the contract.

26.     Article 11 of the Agreement provides that NANI may terminate the Agreement if NAI Mobile fails to perform its obligations under the Agreement and continues to do so for twenty (20) days after delivery of written notice to NAI Mobile of such failure.

27.     NAI Mobile performed its obligations under the Agreement.  NANI improperly terminated the Agreement without cause.  In addition, NANI failed to provide twenty days to cure any alleged violation after delivery of written notice, as required by the Agreement.

28.     Upon information and belief, NANI improperly relied on Article 6 as a means to breach its Agreement with NAI on the basis of diverging political opinions.  Moreover, Riehm's political opinions—and specifically his support of President Donald Trump, which he has frequently expressed during the term of the Agreement, have substantial support in NAI Mobile's South Alabama market.

29.     Article 4 of the Agreement provides that the Agreement will remain in full force and effect for its entire term, which commenced on April 1, 2018, and ends on March 31, 2025.  It

also provides that the Agreement may be terminated by either party at any time after March 31, 2022, with nine (9) months' written notice to the other party.

30. Despite the performance of NAI MOBILE under the Agreement, NANI wrongfully terminated its Agreement with NAI MOBILE on January 15, 2021, without cause or proper notice, in breach of the express, written terms of the Agreement.

31. The wrongful termination by NANI of the Agreement has had immediate effects and inflicted immediate damages and expenses upon NAI MOBILE.  For example, the web site of NAI MOBILE has been taken down or rendered inoperable by NANI.  NAI MOBILE now must expend great sums of money, time, and effort to establish an entirely new brand, new signage, and new presence in the local commercial real estate market in order to replace the NANI brand which NAI MOBILE has now been told by NANI it may no longer use by virtue of the wrongful termination.

32. NANI also immediately locked NAI Mobile out of its business email accounts, rendering NAI Mobile unable to receive email messages that may be coming in and significantly diminishing its ability to carry on its day-to-day business activities.  NANI's wrongful actions necessitate, *inter alia*, re-establishing contact with clients and others with a new web presence and contact information.

33. Moreover, since NAI MOBILE entered into the Agreement in November 2017, NAI MOBILE has expended significant sums of money over a period of years in furtherance of the Agreement and in furtherance of the NAI brand which, by virtue of NANI's wrongful termination, NAI MOBILE is no longer permitted to use.

34. Further, because NANI has wrongfully terminated the Agreement, NAI MOBILE will lose profits which it had received since 2017 under the Agreement through referrals

and otherwise, and to which NAI MOBILE was entitled under the Agreement to receive for years into the future.

35.     NAI MOBILE estimates that all of the foregoing damages, including the funds that NAI MOBILE has expended to date under the Agreement; funds which NAI MOBILE must now expend in order to re-establish its web site and related IT infrastructure, branding, signage and the like; as well as losses under the Agreement from money that NAI MOBILE would have earned in the future had NANI not wrongfully terminated the Agreement well exceed $100,000 and will continue to build as time goes on.

## COUNT ONE
### (Breach of Contract)

36.     NAI MOBILE adopts and incorporates the foregoing allegations of the Complaint as if fully set forth herein.

37.     NAI MOBILE and NANI entered into the written, signed Agreement on November 21, 2017, which Agreement was supported by good and valuable consideration.

38.     NAI MOBILE performed its obligations under the Agreement up to and through January 15, 2021, when NANI unlawfully terminated the Agreement in violation of its express provisions, as noted above.

39.     NANI breached the Agreement with NAI MOBILE by wrongfully terminating the Agreement on January 15, 2021, without cause, as detailed above.  Such termination was wrongful and entirely without justification under the written terms of the Agreement.

40.     By virtue of the wrongful termination, NAI MOBILE has suffered proximately resulting damages in excess of $100,000, exclusive of interest and costs, and will continue to suffer additional damages in the future.

Based on the foregoing, NAI MOBILE demands that NANI pay to it a sum of general

compensatory and consequential damages, including such losses, expenses, lost profits, and other monetary damages caused by the aforementioned actions of NANI, together with interest and costs of court.

Respectfully submitted,

 *s/ C. William Daniels*

C. WILLIAM DANIELS (DANIC4169)
MICHAEL D. STRASAVICH (STRAM9557)
BURR & FORMAN LLP
P.O. Box 2287
Mobile, Alabama 36652
Telephone: (251) 344-5151
Fax: (251) 344-9696
bdaniels@burr.com
mstrasavich@burr.com

*Attorneys for Plaintiff NAI Mobile, LLC*

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY OF ALL ISSUES SO TRIABLE**

**<u>DEFENDANT TO BE SERVED AT:</u>**

**New America Network, Inc.**
**by and through its Registered Agent**
**The Corporation Trust Company**
**Corporation Trust Center**
**1209 Orange St.**
**Wilmington, DE 19801**