# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| NAI MOBILE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 21-00032-KD-C |
| | ) |
| NEW AMERICA NETWORK, INC., | ) |
| d/b/a NAI GLOBAL, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on NAI Global's objection to certain witnesses as disclosed too late to be deposed (doc. 77, p. 18-19), NAI Mobile, Inc.'s motion and brief in support of its ability to call these witnesses (doc. 86), and the response filed by Defendant NAI Global (doc. 116). Upon consideration, and for the reasons set forth herein NAI Global's **objection is overruled, in part, and otherwise carried to trial.**

I. Background

In the joint pretrial document, NAI Mobile identified Tim Vinson as an "expected to call" witness, and Annette Patterson, Shawn Sullivan, Carol Phillip, Lori Sears, Tricia McGaughrin, Connie Searcy, Ray Searcy, Gwyn Howard, and Anne Lawrence as "may call" witnesses (Doc. 77). At the pretrial conference and in the joint pretrial document, NAI Global objected to their testimony because they were disclosed too late as persons with discoverable information, and it was unable to depose them or conduct discovery. NAI Global also argued that their potential testimony is not relevant to the breach of contract claim.[1] The Court allowed NAI Mobile to respond to the objection and allowed NAI Global to reply (docs. 86, 116).

II. Analysis

---

[1] These individuals were on Riehm's bus trip to the Capital.

A. <u>Objection based upon late disclosure</u>

NAI Mobile argues that NAI Global "obtained the identity and contact information of the witnesses 113 days before the end of discovery" (Doc. 86, p. 2). Specifically, Pete Riehm's July 29, 2021 list of his bus companions, which was disclosed in response to NAI Global's subpoena. NAI Mobile also points out that none of these individuals were under its control and that NAI Global could have contacted them at any time after Riehm's response. NAI Mobile also points out that it disclosed these individuals as having knowledge of the rally and bus trip[2] on October 20, 2021, a month before the November 19, 2021 close of discovery, and two months before the December 20, 2021 deadline for supplementation of disclosures. NAI Mobile asserts that NAI Global made no effort to conduct discovery even though it had time. NAI Mobile argues it will be penalized if not allowed to call these witnesses.

NAI Global asserts prejudice by the late disclosures. NAI Global points out that Riehm's response to the subpoena did not give it notice that NAI Mobile considered these individuals as persons having discoverable information, or that they may be witnesses at trial. NAI Global also argues that Riehm's July 2021 response should have put NAI Mobile on notice of its duty to disclose these individuals, at that time. NAI Global also argues that there is no reason NAI Mobile could not have disclosed sooner than a month before close of discovery deadline. NAI Global points out that one month is not adequate time to send interrogatories or deposition notices. Thus, NAI Global argues that NAI Mobile failed to meet its duty to make timely supplemental disclosures under Fed. R. Civ. P. 26(e) as well as the Court's Rule 16(b) Scheduling Order.

The parties diverge as to whether NAI Global attempted to depose the witnesses during

---

[2] Most were disclosed as persons with "Knowledge regarding the bus trip on January 6, 2021 to attend the rally in Washington, DC to meet with Congressman Jerry Carl" (Doc. 86-4).

the last month of discovery. NAI Mobile states that NAI Global made no effort to contact and interview these witnesses (Doc. 86, p. 3). In response, NAI Global points to an email dated October 29, 2021, wherein it wrote "[W]e do request that you provide deposition dates for any of the 50+ new witnesses you have identified that you plan to call at trial. If you do not provide this, we will take the position that these folks should not be permitted to testify." (Doc. 116-1, p. 4). NAI Global states that NAI Mobile did not respond to the request.

Pursuant to Rule 26(a)(1)(A)(i), the parties, "without awaiting a discovery request" must "provide to the other partiers: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information . . ." Fed. R. Civ. P. 26(a)(1)(A)(i). The Court's Rule 16(b) Scheduling Order, in relevant part, states that "[s]upplementation of disclosures . . . as required by Rule 26(e) is to be accomplished "at appropriate intervals" and "seasonably" but not later than December 20, 2021." (Doc. 24, p. 3). Thus, NAI Mobile's disclosure of individuals with knowledge of the bus trip on October 20, 2021, although a month before the close of discovery on November 19, 2021, was not untimely.

These individuals have been disclosed as witnesses pursuant to the Court's Rule 16(b) Scheduling Order (doc. 24, p. 3), and the Court's Standing Order Governing Final Pretrial Conference (doc. 24-1, p.3-4). Thus, the opportunity to raise a discovery-based dispute about their alleged late disclosure as individuals who may have discoverable information has passed. Thus, NAI Global's objection on this basis is overruled.

B. <u>Objection pursuant to Fed. R. Evid. 403</u>.

NAI Global also objected to the witnesses on basis that their testimony will be cumulative and irrelevant. NAI Global argues that their testimony could not be evidence of the actual dispute – whether there was a breach of the Member Agreement. NAI Global argues that Fed. R. Evid. 403 would be violated because any probative value will be outweighed by the danger of wasting time, undue delay, and needless cumulative evidence.

3

NAI Mobile did not address whether the witnesses' testimony was relevant to the breach of contract claim in its motion (doc. 86). However, at the final pretrial conference, NAI Mobile argued that it became aware at a deposition that NAI Global accused Riehm of illegally entering the Capital on January 6, 2021. In response, NAI Mobile disclosed these individuals as persons with knowledge of events that occurred on the bus trip.

Only one of the disputed witnesses was placed on NAI Mobile's "expected to call list" (Doc. 77). The remaining are "may call" witnesses. Thus, NAI Global may raise its objection as to relevance or that allowing the witnesses would be cumulative at the time their testimony is offered at trial.

III. Conclusion

Upon consideration of the foregoing, NAI Global's objection is **overruled, in part, and otherwise carried to trial.**

DONE and ORDERED this 8th day of April 2022.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE