IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NAI-MOBILE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 21-00032-KD-C |
| | ) |
| NEW AMERICA NETWORK, INC, d/b/a NAI GLOBAL, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Previously, on April 19, 2022, this Court entered judgment in accordance with the jury's verdicts in favor of NAI-Mobile in the total amount of $1,250,437.00 (doc. 162). NAI Global moved the Court to stay execution of the judgment pending resolution of the Renewed Motion for Judgment as a Matter of Law and any potential appeals (doc. 170). Plaintiff NAI Mobile LLC opposed the motion, in part. NAI Mobile did not oppose a stay but could not agree to the proposed alternative security for the stay (doc. 173). The Motion was held in abeyance for NAI Global to either post a bond in compliance with S.D. Ala. Civ. L.R. 62(a) or for the Court to "consider other security that is agreed between the parties" (doc. 175).

This action is now before the Court on Defendant NAI Global's Unopposed Motion to Stay Execution of Judgment and Order the Clerk's Office to Accept Alternative Security for the Judgment (doc. 177). NAI Global reports that, in lieu of a supersedeas bond, the parties have agreed to other security in the form of payment into Court of the full amount of the judgment, $1,250,437.00, plus 15% interest, and $500.00 in costs. NAI Global moves the Court to accept this alternative security and stay the action as requested.

Rule 62(b) of the Federal Rules of Civil Procedure ("Rule 62(b)") provides:

> At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Pursuant to S.D. Ala. Civil Local Rule 62(a), in relevant part, provides:

> (a) A supersedeas bond, where the judgment is for a sum of money only, must be in the amount of the judgment plus fifteen percent (15%) to cover interest and such damages for delay as may be awarded, as well as an additional $500.00 to cover costs.

NAI Global, in lieu of posting a supersedeas bond, moves the Court to allow a cash bond in the same amount and upon the same terms as this Court requires for a supersedeas bond. See S.D. Ala. Civ. L.R. 62(a). NAI Global represents that NAI Mobile does not object to this other form of security. Rule 62(b) specifically provides that a party may obtain a stay by providing "other security" than a supersedeas bond, and that the stay takes effect upon the Court's approval of the other security.

Upon consideration of the Motions and the parties' agreement, the Court approves the other security. Accordingly, the unopposed Motion (doc. 177) is **GRANTED**, the opposed Motion (doc. 170) is **MOOT**, and **NAI Global** is **ORDERED** to **deposit into the registry of the Court**[1] the full amount of the judgment, $1,250,437.00, plus 15% interest, and $500.00 in

---

[1] See S.D. Ala. Civ. L.R. 67(c) ("(c) Non-Interest Bearing Deposits. Cost bonds, and other bonds in the form of cash, such as admiralty cost bonds, injunction cost bonds, and supersedeas bonds, are not subject to Fed. R. Civ. P. 67, nor are civil garnishment payments. Funds not subject to Rule 67 will not be deposited in interest bearing accounts, except on the special order of the Court. These funds, when received, will be deposited into the registry of the

costs, in the form of an electronic funds transfer, a cashier's check, certified check, or other appropriate negotiable instrument, on or before **July 12, 2022**.

The stay shall take effect upon entry of this Order and shall remain in effect until further order of this Court. See Fed. R. Civ. P. 62(b).

DONE and ORDERED this the 5th day of July 2022.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

---

Court. Payments received on garnishments will be deposited into the Court's general deposit fund.").