IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **NAI MOBILE, LLC, a limited liability company,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 21-00032-KD-C |
| ) | |
| **NEW AMERICA NETWORK, INC., a foreign corporation, d/b/a NAI Global,** ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This action is before the Court on Plaintiff NAI Mobile LLC's Motion to Tax Costs (doc. 163) and Bill of Cost (doc. 165). Defendant NAI Global was given an opportunity to respond but did not (doc. 164). Upon consideration, and for the reasons set forth herein, the Motion is GRANTED, as follows, and costs in the total amount of $23,430.36 are allowed to NAI Mobile.

A.    Prevailing party status

The parties do not dispute that NAI Mobile is a prevailing party in this action. "A court's power to award costs to a prevailing party is grounded in part in Rule 54(d)(1) of the Federal Rules of Civil Procedure which provides: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." Thus, without explicit authorization, federal courts are limited to those costs enumerated in 28 U.S.C. § 1920. Crawford Fitting Co. v. J.T. Gibbins, Inc., 482 U.S. 437, 445 (1987).

Section 1920, in relevant part, states that a judge or clerk of any court of the United States may tax as costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for

>use in the case;
>
>(3) Fees and disbursements for printing and witnesses;
>
>(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
>\*\*\*

28 U.S.C. § 1920.

    B.    <u>Analysis</u>

    1)    <u>Fees of the Clerk and Marshal</u>

NAI Mobile seeks costs in the amount of $402.00 for the Court filing fee. Pursuant to 28 U.S.C. § 1920(1), fees of the Clerk may be taxed as costs. In support, NAI Mobile provides the declaration of counsel C. William Daniels affirming payment of the filing fee (doc. 163-2) and a copy of this Court's Internet Payment History showing receipt of the filing fee (doc. 163-3, p. 2). Accordingly, costs in the amount of $402.00 are allowed to NAI Mobile.

NAI Mobile seeks costs in the amount of $75.00 for service of the complaint by private process server. In support, NAI Mobile provides the declaration of counsel (doc. 163-2), a copy of the invoice from the process server, and payment information (doc. 163-3, p. 3-4). The Court of Appeals for the Eleventh Circuit has held that private process server fees may be taxed under 28 U.S.C. §§ 1920(1) and 1921 but taxable costs are limited to the statutory fees authorized in § 1921(b) for the United States Marshals Service. <u>See United States E.E.O.C. v. W&O, Inc.</u>, 213 F.3d 600, 624 (11th Cir. 2000). The statute provides that the "Attorney General shall from time to time prescribe by regulation the fees to be taxed and collected under subsection (a)." 28 U.S.C. 1921(b). Pursuant to 26 C.F.R. § 0.114, the United States Marshals Service is permitted compensation at the rate "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket

expenses." 28 C.F.R. § 0.114(a)(3). The amount NAI Mobile expended for service of process, $75.00, does not conflict with the allowable cost of service by the United States Marshals Service. Accordingly, costs in the amount of $75.00 are allowed to NAI Mobile.

NAI Mobile seeks costs in the amount of $90.00 for service of a trial subpoena on Tim Vinson. NAI Mobile asserts that Vinson was subpoenaed as part of trial preparations, even though he did not testify, and thus the costs are recoverable. In support, NAI Mobile provides the declaration of counsel (doc. 163-2), a copy of the invoice from the process server, and payment information (doc. 163-3, p. 5-7). Again, private process server fees may be taxed under 28 U.S.C. §§ 1920(1) and 1921 but taxable costs are limited to the statutory fees authorized in § 1921(b) for the United States Marshals Service. See E.E.O.C. v. W&O, Inc., 213 F.3d at 624. And again, pursuant to 26 C.F.R. § 0.114, the United States Marshals Service is permitted compensation at the rate "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3). The amount NAI Mobile expended for pick up and service of the witness subpoena, $90.00, does not conflict with the allowable cost of service by the United States Marshals Service. Accordingly, costs in the amount of $90.00 are allowed to NAI Mobile.

    2)    <u>Costs of depositions and trial transcripts</u>

    a)    <u>Depositions</u>

NAI Mobile seeks costs in the total amount of $15,376.13 for ten depositions (doc. 163,

p. 4-8). NAI Mobile noticed six depositions[1] and NAI Global noticed four depositions.[2] NAI Mobile points out that all ten deponents were listed as witnesses by NAI Global, that eight of the ten were on its witness list, that it relied on eight of the depositions for summary judgment briefing, and that all four expert depositions were relied upon in pretrial briefing as ordered by the Court. In support, NAI Mobile provides the declarations of counsel (doc. 163-2) and invoices (doc. 163-4).

Pursuant to 28 U.S.C. § 1920(2), costs may be allowed for fees for "printed or electronically recorded transcripts necessarily obtained for use in the case".   Whether the costs for deposition transcripts are taxable depends on "whether the deposition was wholly or partially 'necessarily obtained for use in the case." E.E.O.C. v. W&O, Inc., 213 F.3d at 621. "Where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." Id. Use in the case includes but is not limited to, minimal use or use not critical to the success if "related to an issue which was present in the case at the time the deposition was taken", use in connection with motions for summary judgment, and use in connection with trial. Id. at 621. Relevant here, "'[t]axation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the plaintiff might need the deposition transcripts to cross-examine the witnesses, ... and that the information those people had on the subject matter was not so irrelevant or so unimportant that their depositions were outside the bound of discovery.'" Maris Distrib. Co. v. Anheuser-Busch, Inc., 302 F.3d 1207, 1225 (11th Cir. 2002) (quoting

---

[1] "… four fact witnesses (NAI Global executives Jay Olshonsky, Cliff Moskowitz, and Lindsay Fierro, and C-III Capital Partners Managing Director/NAI Global Chairman Geoffrey Woodward), and Defendant's two experts (Christopher Lovin and Valerie Carstens)" (doc. 163, p. 6).

[2] "… two fact witnesses (NAI Mobile principals Allan Cameron and Pete Riehm) and Plaintiff's two experts (John Collier and Jake McKenzie)." (doc. 163, p. 6).

E.E.O.C. v. W&O, Inc., 213 F.3d at 621) (internal quotations marks omitted).

Generally, costs of an original and one copy of a deposition transcript are recoverable if NAI Mobile noticed the deposition, and costs of one copy, if NAI Global noticed the deposition. Crouch v. Teledyne Continental Motors, Inc., 2013 WL 203408, *7-8 (S.D. Ala. Jan. 17, 2013). Also, the court reporter's per diem fee may be recovered. Computer Program & Sys. Inc. v. Wazu Holdings, Ltd., 2019 WL 1119352, at *12 (S.D. Ala. Mar. 11, 2019). As well as the costs of exhibit copies. Moore v. Baker, No. CV 2:18-00311-KD-B, 2020 WL 4928997, at *4 (S.D. Ala. Aug. 21, 2020).

Certain deposition transcript related costs such as for rough drafts, expedited transcripts, extra copies, travel or condensed transcripts, video synchronization, electronic or ASCII transcripts, summaries, deposition discs, videotapes, are deemed incurred for the convenience of counsel and not taxed to the losing party. Computer Program & Sys. Inc. v. Wazu Holdings, Ltd., No. CV 15-00405-KD-N, 2019 WL 1119352, at *10 (S.D. Ala. Mar. 11, 2019); Crouch, 2013 WL 203408, *7-8; Pinkston v. University of South Fla., 2016 WL 9724976, *3 (M.D. Ala. Oct. 5, 2016) ("multiple copies are generally not recoverable[]"). Also, costs of videoconferencing, absent an explanation why videoconferencing was necessary, is not recoverable. Row Equipment, Inc. v. Terex USA, LLC, 2022 WL 152869, *4 (S.D. Ga. Jan. 18, 2022) (collecting cases).

Also, costs related to postage, shipping, delivery, and handling charges related to the deposition transcripts are non-recoverable as ordinary business expenses. See Maris, 302 F.3d at 1225; Maner v. Linkan LLC, 602 Fed. Appx. 489, 494 (11th Cir. 2015) ("In determining the costs to be awarded, the district court may tax as costs all reasonable expenses incurred during the course of litigation, with the exception of routine office overhead.").

The Court, upon review of the record and the invoices and consideration of NAI Mobile's argument, finds that the ten depositions were necessarily obtained for use in the case. With the

5

above as guidance, costs are allowed as follows:

    i) Geoff Woodward. NAI Mobile noticed Woodward's deposition. Thus, NAI Mobile may recover costs of the original and one copy of transcript, attendance/appearance fees, and exhibits. Thus, costs are allowed in the amount of $571.64.

    ii) Cliff Moskowitz. NAI Mobile noticed Moskowitz's deposition. Thus, NAI Mobile may recover costs of the original and one copy of transcripts, attendance/appearance fees, and exhibits. Thus, costs are allowed in the amount of $632.38.

    iii) Lindsey Fierro. NAI Mobile noticed Fierro's deposition. Thus, NAI Mobile may recover costs of the original and one copy of transcript, attendance/appearance fees, and exhibits. Thus, costs are allowed in the amount of $635.07.

    iv) Jay Olshonsky. NAI Mobile noticed Olshonsky's deposition. Thus, NAI Mobile may recover costs of the original and one copy of transcript, attendance/appearance fees, and exhibits. Thus, costs are allowed in the amount of $1,384.23.

    v) Valerie Carstens. NAI Mobile noticed Carstens' deposition. Thus, NAI Mobile may recover costs of the original and one copy of transcript, attendance/appearance fees, and exhibits. Thus, costs are allowed in the amount of $1,644.02

    vi) Christopher Lovin. NAI Mobile noticed Lovin's deposition. Thus, NAI Mobile may recover costs of the original and one copy of transcript, attendance/appearance fees, and exhibits. Thus, costs are allowed in the amount of $627.92.

    vii) Pete Riehm. NAI Global noticed Riehm's deposition. Thus, NAI Mobile may recover costs of a copy of the transcript and exhibits. Thus, costs are allowed in the amount of $764.93.

    viii) Allan Cameron. NAI Global noticed Cameron's deposition. Thus, NAI Mobile may recover costs of a copy of the transcript and exhibits. Thus, costs are allowed in the amount of $924.10.

    ix) John Collier. NAI Global noticed Collier's deposition. Thus, NAI Mobile may

recover costs of a copy of the transcript and exhibits. Thus, costs are allowed in the amount of $887.15.

x) Jake McKenzie. NAI Global noticed McKenzie's deposition. Thus, NAI Mobile may recover costs of a copy of the transcript and exhibits. Thus, costs are allowed in the amount of $539.44.

(b) Costs of trial and hearing transcripts

NAI Mobile seeks costs in the amount of $1,217.95 for the purchase of uncertified transcripts of the pretrial conference, pretrial hearing, and certain trial transcripts (doc. 163, p. 8-10). NAI Mobile argues that the pretrial transcripts were necessary for preparation for trial. Specifically, but not limited to, expert testimony and cross-examination, revisiting certain rulings on pretrial issues during trial, and preserving the Court's initial thoughts on motions in limine and exhibits. NAI Mobile argues that the trial transcript was necessary to formulate arguments and prepare cross-examination related to damages. In support, NAI Mobile provides the declaration of counsel and the court reporter's invoices (docs. 163-2, 163-5).

The statute allows taxation of costs for the "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case". 28 U.S.C. § 1920(2). "Where a Court's order or ruling on motions and discovery matters refers to the record of pretrial and discovery hearings, transcript copies of the hearings are deemed reasonably necessary and are recoverable costs to the prevailing party." Crouch, 2013 WL 203408, at *5 (S.D. Ala. Jan. 17, 2013) (citation omitted). Generally, costs associated with expedited trial transcripts are not allowed as a matter of course, but where a case is lengthy or complex, the costs may be allowed. Maris, 302 F. 3d at 1226. Daily trial transcripts may be considered as necessary for use in the case where the use includes preparation for "witness examination, jury instructions, and closing arguments" and to preserve oral rulings. 302 F. 3d at 1225.

The Court, upon review of the record and the invoices and consideration of NAI Mobile's

argument, finds that the transcripts were necessarily obtained for use in the case. As to expedited trial transcripts, trial was not lengthy, but the parties were required to address unique and complex issues. With the above as guidance, costs are allowed in the amount of $1,217.95.

3) Costs for printing and copies

NAI Mobile seeks costs in the amount of $10,085.16 for printing or copies from outside vendors and $3,651.57 for printing or copies made in-house (doc. 163, p. 10-14). NAI Mobile argues that it is entitled to costs for copies attributable to discovery, pleadings, correspondence, copies tendered to opposing counsel, copies of plaintiff's and defendant's trial exhibits, and copies for the Court, as well as color copies and oversized document copies (Id.). NAI Mobile points out that most of the vendor copying costs were related to bench books and trial exhibits. In support, NAI Mobile provides the declarations of counsel and invoices for the outside vendor copies and in-house copies (docs. 163-2, 163-6).

Pursuant to 28 U.S.C. § 1920(4) "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" may be taxed. "[I]n evaluating copying costs, the Court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." E.E.O.C. v. W&O, Inc., 213 F.3d at 623. The Eleventh Circuit has held that "copies of paper" means "reproductions involving paper in its various forms, and [concluded] that because oversize documents and color photographs are capable of this characterization, taxation of these costs was not error." Arcadian Fertilizer, L.P. v. MPW Industrial Services, Inc., 249 F.3d 1293, 1296 (11th Cir. 2001). Generally, costs associated with binders, tabs, and folders are nonrecoverable and considered as a convenience of counsel. Watson v. Lake County, 492 Fed. Appx. 991, 997 (11th Cir. 2012). And costs of postage and shipping are not recoverable as ordinary business expenses. Maris, 302 F. 3d at 1225.

The Court, upon review of the record and the invoices and consideration of NAI Mobile's

argument, finds that the copies were necessarily obtained for use in the case. See Cobb v. City of Roswell, Ga., 987 F. Supp. 2d 1319, 1326 (N.D. Ga. 2013) (applying the court's own experience to reduce copying costs to a "reasonable estimate of the costs to copy documents necessary for this litigation."). However, costs for postage, shipping, tabs, and binders are not allowed. With the above as guidance, costs are allowed in the amount of $9,341.28 for copies produced by an outside vendor and $3,613.25 for in-house copies, for a total of $12,954.53.

4) Witness costs

NAI Mobile seeks costs in the amount of $80.00 for witness fees for Tim Vinson (doc. 163, p. 14-15). Bus driver Vinson was subpoenaed to testify at trial, but ultimately was not called. In support, NAI Mobile provides the declaration of counsel and invoice (docs. 163-2, 163-7).

Pursuant to 28 U.S.C. § 1920(3), fees for witnesses may be taxed as costs. By statute and case law, the witness fee is limited to $40.00 per day. 28 U.S.C. § 1821(b); Glenn v. General Motors Corp., 841 F.2d 1567, 1574, n. 19 (11th Cir. 1988) (noting the maximum amount recoverable for witness fees is set in Section 1821). Accordingly, costs in the amount of $80.00 are allowed to NAI Mobile.

C. Conclusion

As set forth herein, costs are allowed to NAI Mobile in the total amount of $23,430.36.

DONE and ORDERED this the 27th day of September 2022.

                                              s/ Kristi K. DuBose
                                              KRISTI K. DuBOSE
                                              UNITED STATES DISTRICT JUDGE